IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM T. WARNER,** | : CIVIL ACTION NO. 1:24-CV-307 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **DR. LAUREL HARRY**, *et al.*, | : |
| | : |
| Defendants | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, William T. Warner, alleges that supervisory prison officials violated his civil rights when he was sexually assaulted by one of their subordinate employees. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without prejudice for failure to state a claim upon which relief may be granted. Warner will be granted leave to file an amended complaint.

### I.   Factual Background & Procedural History

Warner filed his complaint on January 30, 2024, and the court received and docketed the complaint on February 21, 2024. (Doc. 1). According to the complaint, Warner was transferred from SCI-Phoenix to SCI-Mahanoy on November 23, 2022, after he notified an SCI-Phoenix employee that another employee, Ardelle Dobson, had violated his "PREA boundaries."[1] (Id. at 4). After the transfer, Dobson purportedly "gained access" to SCI-Mahanoy's visiting room, at which point she

---

[1] The court assumes this refers to the Prison Rape Elimination Act ("PREA").

again violated Warner's "PREA boundaries." (Id.) The complaint states that Warner was "threatened and sexually violated" in an unspecified manner. (Id.)

The complaint names as defendants Laurel Harry and Bernadette Mason, the secretary of the Pennsylvania Department of Corrections ("DOC") and the superintendent of SCI-Mahanoy, respectively. (Id. at 2-3). Dobson is not named as a defendant. (See id.) Warner seeks damages for Dobson's alleged acts. (Id. at 5).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Warner brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the

---

> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id.

We will dismiss Warner's complaint for failure to state a claim upon which relief may be granted because it fails to allege the personal involvement of Harry and Mason, the only defendants named in the complaint. The complaint does not plead any facts with respect to Harry or Mason or even mention them in the statement of alleged facts. (See Doc. 1 at 4). Rather, the complaint seeks relief from Harry and Mason solely based on their supervisory roles in the DOC, which is not sufficient to allege their personal involvement. See Rode, 845 F.2d at 1207.

The complaint also fails to state a claim upon which relief may be granted to the extent it can be liberally construed as naming Dobson as a defendant. Although sexual assault may be a viable theory to allege violation of the Eighth Amendment, see Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018), Warner's conclusory statements that Dobson violated his "PREA boundaries" and "sexually violated" him are not entitled to the assumption of truth and are insufficient to state a claim for violation of the Eighth Amendment upon which relief may be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). To state a claim upon which relief may be granted, a complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Warner's conclusory and unsupported assertions that Dobson violated

his "PREA boundaries" and "sexually violated" him fall woefully short of this standard.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We conclude that leave to amend is appropriate here because Warner's claims are factually, rather than legally, deficient.

### IV. Conclusion

We will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Warner will be granted leave to amend. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   February 23, 2024