UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM T. WARNER,                :

      Plaintiff              :        CIVIL ACTION NO. 1:24-307

      v.                         :                (JUDGE MANNION)

ARDELLA DOBSON,                 :

      Defendant          :

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983, which is currently scheduled for a trial on March 24, 2026. For the reasons set forth below, the case will be dismissed with prejudice for plaintiff's failure to prosecute, and the trial will be canceled.

**I.   BACKGROUND**

Plaintiff, William T. Warner, filed this case on February 21, 2024, asserting civil rights claims arising from an alleged sexual assault by an employee of the Pennsylvania Department of Corrections ("DOC"). (Doc. 1). Plaintiff's amended complaint is the currently operative pleading. (Doc. 10). The case was initially assigned to United States District Judge Cristopher C. Conner. On April 2, 2024, Judge Conner dismissed the case except to the extent Warner asserted claims against the alleged assailant, Ardella Dobson. (Doc. 13). Dobson answered Warner's amended complaint on

December 19, 2024. (Doc. 27). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

On December 8, 2025, the court issued an order scheduling the case for a jury trial on March 24, 2026, after neither party moved for summary judgment by the dispositive motions deadline. (Doc. 37). That order was returned to the court as undeliverable on December 22, 2025, with a notation indicating that Warner has been paroled from DOC custody and that no forwarding address is known for him. (Doc. 38). A subsequent search by the court on the DOC's online inmate locator also indicates that he is no longer in state custody. In light of Warner's failure to keep the court informed of his current mailing address despite his obligation to do so, (*see* Doc. 5), the court will analyze whether dismissal of the case for Warner's failure to prosecute is appropriate.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The first three *Poulis* factors weigh in favor of dismissing this case. First, because Warner is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Second, his failure to update his address prejudices the defendant by delaying resolution of the case. *Manuel v. Harry*, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021). Third, Warner has shown a history of dilatoriness by failing to update his address. *Id.*

The court finds that the fourth and fifth *Poulis* factors—whether plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives. Second, because the court does not have a current mailing address for him and thus cannot meaningfully enforce any other

3

sanctions against him at this time, the court is without any viable alternative to dismissal.

The sixth and final factor, the meritoriousness of plaintiff's claim, is neutral. As noted above, no dispositive motions have been filed in this case, and it is scheduled for a trial on the merits. Thus, this court has not yet had an opportunity to consider the meritoriousness of plaintiff's claims in depth.

Upon balancing the *Poulis* factors, the court finds that they weigh in favor of dismissal. In light of plaintiff's failures to comply with a court order by failing to keep the court informed of his address, we will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH,* 994 F.3d 173, 177 n.3 (3d Cir. 2021) ("District courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order."). However, because the court has not previously given Warner notice that the case may be dismissed for his failure to prosecute, the court will automatically reopen the case without Warner having to file a formal notice pursuant to Federal Rules of Civil Procedure 59 or 60 if he updates his address within fourteen days of this decision.

**III.   CONCLUSION**

For the foregoing reasons, the court will dismiss this case with prejudice for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   December 29, 2025**
24-307-01